**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/9/2023

NELI INTERNATIONAL
INCORPORATED,

                              **Plaintiff,**

                    -against-

PREMIER RESTAURANT GROUP, LLC,
et al.,

                              **Defendants.**

**1:23-cv-02725 (ALC)**

<u>**ORDER**</u>

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff, NELI International Incorporated ("NELI" or "Plaintiff"), a Canadian loan provider and financial firm, brings this breach of contract action against Premier Restaurant Group, LLC ("Premier"), Forever Brands Operating Company, LLC ("Forever Brands"), Cheeburger Operating Company, LLC ("Cheeburger"), Cheeburger VA, LLC ("Cheeburger VA"), and Anthony Wedo ("Wedo") (collectively "Defendants"). Complaint, ECF No. 1 ¶ 1. After Plaintiff obtained a Certificate of Default from the Clerk of the Court, they made the instant motion for default judgment against Defendant. *See* ECF Nos. 51-52, 59-61, 63. For the following reasons, Plaintiff's motion for default judgment is **GRANTED**.

## BACKGROUND

### I.   Factual Background

Plaintiff lent $5 million to Defendant Premier pursuant to a memorialized senior secured term loan. The loan was meant to finance Premier's fast food franchise businesses, all of which are controlled and operated by Defendant Wedo. Complaint, ECF No. 1 ¶ 1. Each non-Premier LLC Defendant gave Plaintiff written guarantees of Premier's obligations under the loan agreement whereas Premier granted Plaintiff security interests in all of its assets and Wedo provided limited

guarantees and promises to Plaintiff. *Id.* Defendant Premier breached and defaulted under the loan agreement principally by failing to pay their loan balance of over $4 million and Plaintiff has sued to enforce its rights under the loan agreement. *Id.* at ¶¶ 2-3.

## II.   Procedural History

Plaintiff initiated this action on March 31, 2023 and properly served the Defendants on April 4, 2023.  ECF Nos. 1, 20-24.  Defendants' answers were due on April 24, 2023.  ECF Nos. 20-24. The Court issued an Order appointing a receiver in this case on May 12, 2023.  ECF No. 34.  On September 13 and 14, 2023, the Clerk of the Court entered a Certificate of Default to indicate that Defendants had not filed an answer or otherwise moved with respect to Plaintiff's complaint.  ECF Nos. 51-52, 59-61.  Having received a Certificate of Default from the Clerk of the Court, Plaintiff moved for default judgment against Defendants on October 10, 2023.  ECF No. 63.  The Court then issued an Order to Show Cause directing Plaintiff to serve a copy of that Order on Defendant no later than October 16, 2023, and ordering Defendant to show cause in writing, by November 6, 2023, as to why an Order entering default judgment should not be issued, pursuant to Rule 55 of the Federal Rules of Civil Procedure.  ECF No. 71.  Defendant was clearly warned that failure to comply with the Order to Show Cause would result in a default judgment against them.  Defendant failed to respond.  On October 18, 2023, Plaintiff filed an affidavit with the Court stating that Defendant was served the Order to Show cause and the papers upon which it was based on October 16, 2023.  ECF No. 72.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. Second, after a certificate of default has been entered by the Clerk, the court, on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations. Fed. R. Civ. P. 8(b)(6) ("An allegation–other than the one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). However, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather, the Second Circuit of Appeals has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Mickalis Pawn Shop*, 645 F.3d at 137 (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). In making this determination, the court draws all reasonable inferences in the plaintiff's favor. *Au Bon Pain*, 653 F.2d at 65.

Additionally, "while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). To secure a default judgment for

damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted).

## DISCUSSION

In light of Defendant's default, the Court accepts as true the well-pleaded allegations in the Complaint, with the exception of those allegations relating to damages. *See Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC*, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("When the Court enters a default judgment, as regards liability it must accept as true all of the factual allegations of the complaint, but the amount of damages are not deemed true.") (internal citations, alterations, and quotation marks omitted).

Defendants Premier, Forever Brands, Cheeburger, and Cheeburger VA breached and defaulted on their obligations under the Loan agreement via their demonstrated inability to pay amounts due in violation of Claims One, Two, Three, and Four of the Complaint. Additionally, by the terms of the Loan Agreement, the aforementioned Defendants each granted Plaintiff a security interest in all of its present and after-acquired property.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for Default Judgment as to liability is

**GRANTED**.

**SO ORDERED.**

**Dated:**     **November 7, 2023**
            **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

5